The opinion of the court ivas- delivered by

Mr. Justice,Johnson,

; - There is no pretence that Elkins ever was in the personal possession of any part of the disputed, land. The only possession relied on, was that of Mrs. Lowry. It will not he denied that the possession o-f a tenant will operate as the possession of the landlord, and enure to his benefit, as effect sally as if he had personally he-ld the possession-of the- premises;, but this can only hold good as to die' premises leased.- if the tenant ga beyond them, he alone is responsible for the trespass, and the possession, if available, must enure to his benefit. The premises leased to Mrs. Lowry, was the land to which Elkins had an undisputed title; and it was proved beyond doubt that her inva^ sion of the disputed land was unauthorised by him: he was *421 dissatisfied with and-disclaimed it, and it wasnot until 1817, that ■she could be regarded-as holding in his right. Its continuance for three years only, is not a sufficient bar to -the defendants right. Confining the possession of Mrs. Lowry to herself and giving to it the greatest possible effect, it could only extend to the small spot actually inclosed; as she had no written instrument which could give it a greater extent; and the verdict is then wrong, as the plaintiffs do not derive their title from her and it -is for the whole tract of 163 acres.
Holmes, for motion.
Levy, contra.
There is another view equally inimical to the possession of Airs. Lowry. The line between the two tracts ivas not clearly defined, and it ivas obvious that the possession is accidental and unintentional. She was ignorant where the line ran, and the possession was so limited in its extent as to divest it of that notorious and adverse character necessary to give it effect; and thus considered she would not be entitled to bold even to that extent. Motion granted.
Colcoclc, Richardson, Gantt, and Huger. Justices, concurred.